NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SITE UPDATE SOLUTIONS, LLC,**
*Plaintiff-Appellee*

**v.**

**CBS CORP., JASONS DELI CORP, TICKETMASTER ENTERTAINMENT, INC., THE WALT DISNEY COMPANY, TIME WARNER INC.,**
*Defendants*

**NEWEGG INC.,**
*Defendant-Appellant*

---

2015-1448

---

Appeal from the United States District Court for the Northern District of California in No. 5:11-cv-03306-PSG, Magistrate Judge Paul S. Grewal.

---

Decided: February 1, 2016

---

JOHN J. EDMONDS, Collins, Edmonds, Pogorzelski, Schlather & Tower PLLC, Houston, TX, argued for plaintiff-appellee. Also represented by SHEA NEAL PALAVAN.

YAR ROMAN CHAIKOVSKY, Paul Hastings LLP, Palo
Alto, CA, argued for defendant-appellant. Also represent-
ed by PHILIP OU.

STEVEN MOORE, Kilpatrick Townsend & Stockton
LLP, San Francisco, CA, for amici curiae Acushnet Com-
pany, Huawei Technologies Co., Ltd., Kaspersky Lab,
Limelight Networks, Inc., QVC, Inc., SAS Institute Inc.,
Symmetry LLC, Xilinx, Inc.

———————————

Before PROST, *Chief Judge,* DYK, and REYNA, *Circuit
Judges.*

REYNA, *Circuit Judge.*

Newegg Inc. ("Newegg") appeals from the district
court's order denying Newegg's supplemental motion for
attorney's fees under 35 U.S.C. § 285.  The district court
denied Newegg's motion once before, and we remanded to
the district court in view of *Octane Fitness, LLC v. Icon
Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014).  On re-
mand, the district court applied the *Octane Fitness* stand-
ard and again denied Newegg's request for attorney's fees.
Because the district court did not abuse its discretion in
denying Newegg's supplemental motion for attorney's
fees, we *affirm.*

BACKGROUND

In 2010, Site Update Solutions, LLC ("Site Update")
sued 39 companies in the Eastern District of Texas,
asserting claim 8 of U.S. Patent No. RE40,683, which set
out numerous means-plus-function terms.  The case was
transferred to the Northern District of California, and all
defendants except for Newegg settled with Site Update.
During claim construction, Site Update vacillated on its
theories to identify suitable structure for the means-plus-
function terms.  During the *Markman* hearing, the dis-
trict court adopted claim constructions that undermined

most of Site Update's positions. Shortly after the hearing, Newegg and Site Update filed a stipulation to dismiss with prejudice all claims against Newegg. Newegg moved for attorney's fees on the basis that the case was exceptional under *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F. 3d 1378, 1381 (Fed. Cir. 2005). The district court denied Newegg's motion for fees. Newegg appealed, and we remanded in the wake of *Octane Fitness*, the case in which the Supreme Court established a new standard for the award of attorney's fees under § 285.

On remand, Newegg filed a supplemental motion, arguing for fees under the *Octane Fitness* standard. In a 33-page opinion, the district court denied Newegg's request for fees. Applying *Octane Fitness*, the district court provided eight reasons for denying fees: (1) Site Update's unreasonable claim constructions were not "so weak that this case stands out from others because [Site Update] abandoned its reliance on these constructions when it was given the opportunity to do so"; (2) Site Update's misunderstanding of means-plus-function law did not make the case exceptional; (3) Site Update's positions on necessary structures were "unartful," but not so frivolous to be exceptional; (4) Site Update's position on structures "strains credibility," but was not so unreasonable as to warrant fees; (5) an incorrect proposed claim construction is not exceptional; (6) Site Update's infringement theories had flaws, but losing does not compel fees; (7) Site Update's willingness to settle does not make the case exceptional; and (8) deterrent policy considerations are inapposite in this case.

Newegg appeals. We have jurisdiction under 28 U.S.C. § 1295(a).

STANDARD OF REVIEW

We review the denial of a motion for attorney's fees under 35 U.S.C. § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744,

1747 (2014). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* at 1748 n.2. "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake has been made." *Insite Vision, Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015).

## DISCUSSION

Newegg argues that the district court abused its discretion in denying its request for an award of attorney's fees. Newegg asserts that the case stands out because Site Update's complaint and infringement contentions were at all times frivolous, even as Site Update gravitated toward arguably better positions as the case progressed. Newegg contends that Site Update's failure to present a cogent argument as to the supporting structure for the asserted means-plus-function claim cannot go unpenalized. Newegg further contends that Site Update's practice of extracting nuisance value settlements as a business model warrants fees. The amici add fuel to this argument by asserting that leveraged forced settlements are a problem in the industry, district courts need additional guidance on awarding fees, and awarding fees can deter meritless lawsuits.

We conclude that the district court did not abuse its discretion. Courts may award reasonable attorney's fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. A district court "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstanc-

es." *Id.* The movant must show exceptionality by preponderant evidence. *Id.* at 1758.

Although reasonable minds may differ, the district court ruled from a position of great familiarity with the case and the conduct of the parties, and it determined that Site Update's tactical blunders and mistakes do not warrant fees under 35 U.S.C. § 285. The district court noted that Site Update tried and failed, but losing a case does not make it exceptional.

Newegg essentially urges this Court to adopt a de novo review of the district court's findings. As we note above, our review is limited to determining whether the district court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or otherwise abused its discretion. *Highmark*, 135 S.Ct. 1748 n.2. We do not agree with Newegg that this is a situation where the district court failed to apply the correct law. Thus, under the circumstances of this case, our review authority is limited to whether a district court's findings are supported by evidence and sound reasoning.

The new *Octane Fitness* standard for an exceptional case applies both ways: discretion is entitled to a district court's findings that § 285 attorney's fees are not applicable, as much as discretion is owed to findings that they are applicable. As the Supreme Court explained, matters of attorney's fees, and the effective contours illuminating this area, are committed to the sound discretion of the trial court. *Id.* at 1748 ("For reasons we explain in *Octane*, the determination whether a case is 'exceptional' under §285 is a matter of discretion. And as in our prior cases involving similar determinations, the exceptional-case determination is to be reviewed only for abuse of discretion."). In this case, because we do not believe that the district court based its ruling on an erroneous view of the law and we are not left with a definite and firm con-

viction that the district court erred in its assessment of the evidence or otherwise abused its discretion, we cannot say that the district court erred. For these reasons, we *affirm*.

## AFFIRMED

### COSTS

Each party shall bear its own costs.